IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION



FILED

MAR 10 2003

DAVID W. DANIEL, CLERK
US DISTRICT ..., EDNC
BY _____ DEP. CLERK

FELIPE DE JESUS DE LUNA-GUERRERO and )
BALDOMERO GUTIERREZ DE LUNA, on )
behalf of themselves and all other similarly )
situated persons, )
)
Plaintiff, )
)
v. )
)
THE NORTH CAROLINA GROWER'S )
ASSOCIATION, INC., and MARCUS )
THIGPEN, on behalf of himself and all )
other similarly situated members of the )   Civil Action No.:
North Carolina Growers Association, Inc., )   4:02-CV-173-H(4)
)
Defendants. )

AFFIDAVIT OF W. R. LOFTIS, JR.,
IN SUPPORT OF NAMED DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION AND MEMORANDUM TO SEND COURT-APPROVED
NOTICE TO PUTATIVE MEMBERS OF DEFENDANT CLASS
PURSUANT TO RULE 23(d)(2)

The affiant, having been duly sworn, affirms and states as follows:

1. My name is W. R. Loftis, Jr. I am lead counsel for the Named Defendants, The North Carolina Growers Association, Inc. ("NCGA"), and Marcus Thigpen. I have personal knowledge of the facts stated herein.

2. I graduated in 1968 from Wofford College with a bachelor of arts degree in Political Science. In 1971, I graduated *cum laude* from Wake Forest University School of Law, where I served as a law review editor. I was admitted to the North Carolina State Bar in 1971, and I have been a member in good standing since that time. I am admitted

SCANNED

to all of the federal districts of North Carolina, to the U.S. Court of Appeals for the Fourth Circuit, and to the U.S. Supreme Court.

3. Since the 1970's, I have represented management in labor and employment law issues. I was a partner with the firm of Petree Stockton & Robinson (currently, Kilpatrick & Stockton) in Winston-Salem and was the head of that firm's labor and employment practice group (hereinafter, "Petree Stockton").

4. In 1991, I and an associate left Petree Stockton to join Constangy, Brooks & Smith, LLC ("Constangy" or "the firm"), which was based in Atlanta and did not have a North Carolina office. I was primarily responsible for starting the firm's first office in North Carolina, in Winston-Salem.

5. Constangy represents management exclusively in labor and employment law. I am a managing member in the firm and am the head of the firm's Winston-Salem office, which currently has seven attorneys including myself and two paralegals. The firm as a whole has approximately 100 attorneys and 11 offices throughout the Southeast and in Kansas City, Missouri.

6. I have an AV rating in Martindale-Hubbell and have been listed in *The Best Lawyers of America* (North Carolina, labor and employment, management side) for several years.

7. I have defended several class action lawsuits during my years of practice. All of the lawsuits involved employment law issues.

8. As a firm that practices exclusively in labor and employment law, Constangy has many attorneys with significant experience in employment law class action litigation. We also have attorneys who have a concentrated practice in issues arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and in other wage and hour issues.

9. Three attorneys are providing most of the assistance to me on this case. Two are very experienced in litigation and general employment law issues, and the other is very experienced in FLSA/wage and hour issues. The two litigation attorneys are members in good standing of the North Carolina State Bar. The wage and hour attorney is a member in good standing in the State of Virginia, where he practices. In the event that I need more assistance than these three attorneys can provide, the firm has ample, qualified attorney and paraprofessional resources to staff the case as needed.

10. All of the putative defendant class members in this case are members of NCGA. Since 1999, I have been counsel to the NCGA and its member growers. The NCGA and its member growers communicate frequently and have regular meetings.

11. Based on all of the above, I submit that the Named Defendants or their counsel are more than able to provide notice to the putative class members in the event that the Court determines that notice is required. Moreover, in the event that the putative defendant classes and subclasses are certified, our firm can ably defend all putative class and subclass members.

This the 10 day of March, 2003.

_____
W. R. Loftis, Jr.

SWORN TO AND SUBSCRIBED BY ME
THIS THE 10th day of March, 2003

_____
Notary Public
My Commission Expires: May 8, 2007

