IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

*FILED*

APR 2 2 2003

DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. N. CAROLINA

|  |  |  |
|---|---|---|
| FELIPE DE JESUS DE LUNA-GUERRERO, | ) | |
| BALDOMERO GUTIERREZ DE LUNA, and | ) | |
| LUIS MANUEL DE LUNA REYES, on behalf of | ) | |
| themselves and all other similarly situated persons, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **SECOND AMENDED** |
| v. | ) | **COMPLAINT** |
| | ) | |
| THE NORTH CAROLINA GROWER'S | ) | |
| ASSOCIATION, INC., and MARCUS THIGPEN, | ) | CLASS ACTION |
| on behalf of himself and all other | ) | |
| similarly situated members of The | ) | |
| North Carolina Grower's Association, | ) | Civil Action No.: |
| Inc., | ) | 4:02-CV-173-H(4) |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.    PRELIMINARY STATEMENT

1.     Plaintiffs Felipe de Jesus de Luna-Guerrero ("de Luna-Guerrero"), Baldomero

Gutierrez de Luna ("Gutierrez") and Luis Manuel de Luna Reyes ("de Luna Reyes") bring this

action as a collective action under 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"),

and as a class action under the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat.

§§95-25.1 et seq., and the common law of contracts.  De Luna-Guerrero, Gutierrez and de Luna

Reyes allege this action as H2A temporary workers who were jointly and severally employed by

defendant The North Carolina Grower's Association, Inc. ("NCGA"), defendant Marcus Thigpen

("Thigpen"), and/or one or more members of the defendant class of agricultural employers to

perform agricultural labor in North Carolina in at least 2000 and 2001.

1

2.  The defendant class of agricultural employers consists of those North Carolina agricultural employers who jointly or severally employed the named plaintiffs and the classes of workers that the named plaintiffs seek to represent pursuant to what is known as the "H2A Program" as part of defendants' membership in and use of the NCGA to recruit, furnish, transport and jointly employ the named plaintiffs and the classes of workers that the named plaintiffs seek to represent.

3.  On behalf of the workers they seek to represent in the FLSA collective action, and the two (2) classes and subclasses they seek to represent under the NCWHA and the common law of contracts, the plaintiffs seek declaratory relief against the named defendants under the FLSA and against the named defendants and the two (2) defendant classes under the NCWHA and the common law of contracts. The plaintiffs also seeks damages, back wages and liquidated damages for themselves and on behalf of the three (3) subclasses of workers they seek to represent under the FLSA, the NCWHA, and the common law of contracts against the individual defendants and two (2) subclasses comprised of those members of the defendant classes who reside in one or more of the counties listed in 28 U.S.C. §113(a). The plaintiffs' claims for damages, back wages, and/or liquidated damages are based upon the failure of the NCGA, defendant Thigpen, and the defendant subclasses to pay all wages when they were due under the FLSA, the NCWHA, and/or the contract that those person(s) and/or entities had with the plaintiffs and the subclasses of persons that they seek to represent.

## II.    JURISDICTION

4.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

5. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

III. <u>VENUE</u>

6. Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2), and 29 U.S.C. §216(b). In the four (4) years immediately preceding the date on which this action was filed, the NCGA, Thigpen, and one or more of the NCGA members who are included in the defendant classes jointly and/or severally employed the named plaintiffs and a substantial number of the members of the plaintiff classes that the named plaintiffs seek to represent in one or more of the counties specified in 28 U.S.C. §113(a) for the first pay period that the named plaintiffs and those members of the plaintiff classes were employed to perform any work at any time in that same time period. Therefore, a substantial part of the events or omissions giving rise to the claims of the plaintiffs and the classes they seek to represent occurred in the judicial district of the U.S. District Court for the Eastern District of North Carolina.

7. Venue over this action also lies in this Court pursuant to 28 U.S.C. §§1391(b)(1), and 29 U.S.C. §216(b). On the date on which this action was filed and in the four (4) year time period immediately preceding that date, the principal place of business and residence of defendant Thigpen and all members of the three defendant subclasses (defined in this Complaint were and are located in one or more of the counties listed in 28 U.S.C. §113(a). On information and belief all named defendants and all members of the defendant classes continue to reside in the State of North Carolina.

8. Defendant Thigpen and all members of the defendant classes and the two defendant subclasses defined in this Complaint may be found in one or more of the counties listed in 28 U.S.C.

§113(a). Therefore, if there is no district in which this action may be brought within the meaning of 28 U.S.C. §1391(b)(3), venue lies in this Court pursuant to 28 U.S.C. §1391(b)(3).

9.     On the date on which this action was filed and in the four (4) year time period immediately preceding that date, defendants NCGA, Marcus Thigpen, and one or more other members of the defendant classes conducted regular and substantial business activities in one or more of the counties listed in 28 U.S.C. §113(a). Therefore, each of the named defendants and one or more other members of the defendant classes and subclasses were and are subject to the personal jurisdiction of this court at the time this action was commenced.

IV.   NAMED PLAINTIFFS

10.    For each agricultural season from 1996 through 2001, defendants The North Carolina Grower's Association, Inc., Marcus Thigpen, and/or one or more other members of the NCGA jointly and severally employed plaintiff Felipe de Jesus de Luna-Guerrero to perform agricultural labor on a temporary basis in and around Jones County, North Carolina and one or more other counties in North Carolina. For the agricultural seasons that occurred in 1999 and 2001, defendants The North Carolina Grower's Association, Inc., Marcus Thigpen, and/or one or more other members of the NCGA jointly and severally employed plaintiff Baldomero Gutierrez de Luna to perform agricultural labor on a temporary basis in and around Jones County, North Carolina and one or more other counties in North Carolina. For the agricultural seasons that occurred in 1999 and 2001, defendants The North Carolina Grower's Association, Inc., Marcus Thigpen, and/or one or more other members of the NCGA jointly and severally employed plaintiff Luis Manuel de Luna Reyes to perform agricultural labor on a temporary basis in and around Jones County, North

4

Carolina and one or more other counties in North Carolina. De Luna Reyes presently resides in Mexico and does not have any plans to return to the United States in the foreseeable future.

11. The employment referenced in ¶10 was pursuant to a labor certification and visa issued to the NCGA and the plaintiffs under 8 U.S.C. §1101(a)(15)(H)(ii)(a).

12. During this employment by the defendants, the named plaintiffs was engaged in interstate commerce, and/or was employed in an enterprise engaged in commerce or in the production of goods for commerce operated by one or more of the named defendants within the meaning of 29 U.S.C. §203(s)(1)(A).

V. DEFENDANTS

13. At all times relevant to this complaint, defendant The North Carolina Grower's Association, Inc. ("NCGA") is and has been an incorporated association of agricultural producers and employers like Marcus Thigpen.

14. At all times relevant to this complaint, defendant NCGA is and has been a joint employer of the named plaintiffs and the classes of workers that they seek to represent within the meaning of 20 C.F.R. §655.101(a)(3)(2002), 29 U.S.C. §§203(d) and (g), and N.C.Gen.Stat. §§95-25.2(3) and (5).

15. At all times relevant to the complaint, the NCGA is and has been a joint employer of the named plaintiffs and the classes and subclasses they seek to represent within the meaning of the express terms of the Agricultural and Food Processing Clearance Order job offer that the NCGA, Marcus Thigpen, and/or each member of the NCGA made to the named plaintiffs and the classes they seek to represent.

16.     At all times relevant to this action, Craig Stan Eury, Jr., 200 Cameron Avenue, P.O. Box 417, Vass, NC 28394, is and has been the registered agent for service of process on The North Carolina Grower's Association, Inc.

17.     At all times since at least January 1, 1996, defendant Marcus Thigpen is and has been a member of the NCGA, and an agricultural producer and employer within the meaning of 29 U.S.C. §§203(d) and (g) and N.C.Gen.Stat. §95-25.2(3) and (5).

18.     For each year since at least January 1, 1996, except calendar year 2002, defendant Thigpen and the members of the defendant classes and subclasses that he shall represent were the first NCGA members and agricultural employers for whom plaintiff de Luna-Guerrero and other alien workers furnished to Thigpen and/or those other members of the NCGA by defendant NCGA actually performed any agricultural labor pursuant to a labor certification and visa issued to the NCGA and those workers under 8 U.S.C. §1101(a)(15)(H)(ii)(a).  For at least 1999 and 2001, defendant Thigpen and the members of the defendant classes and subclasses that he shall represent were the first NCGA members and agricultural employers for whom plaintiff Gutierrez and other alien workers furnished to Thigpen and/or those other members of the NCGA by defendant NCGA actually performed any agricultural labor pursuant to a labor certification and visa issued to the NCGA and those workers under 8 U.S.C. §1101(a)(15)(H)(ii)(a).   For at least 1999 and 2001, defendant Thigpen and the members of the defendant classes and subclasses that Thigpen shall represent, were the first NCGA members and agricultural employers for whom plaintiff de Luna Reyes and other alien workers furnished to Thigpen and/or those other members of the NCGA by defendant NCGA actually performed any agricultural labor pursuant to a labor certification and visa issued to the NCGA and those workers under 8 U.S.C. §1101(a)(15)(H)(ii)(a).

19. At all times since at least January 1, 1996, at least some of the work that defendant Thigpen, the NCGA and those same NCGA members employed the named plaintiffs and in excess of 100 other members of each of the three (3) plaintiff classes and subclasses that the named plaintiffs seek to represent to perform was work that was engaged in interstate commerce, and/or work that was part of an enterprise operated by defendants Thigpen, the NCGA, and those other members of the NCGA that was engaged in commerce or in the production of agricultural goods for commerce within the meaning of 29 U.S.C. §203(s)(1)(A).

20. At all times that the named plaintiffs and the classes and subclasses that they seek to represent were employed or jointly employed by defendant Thigpen and/or one or more other agricultural producer/employer members of the NCGA, defendant NCGA, defendant Thigpen, and each member of the NCGA that employed the named plaintiffs and/or the classes and subclasses they seek to represent both possessed and exercised the power and authority to direct, control and supervise the work that the named plaintiffs and/or each member of the classes and subclasses the named plaintiffs seek to represent performed in various locations within North Carolina.

21. At all times relevant to this complaint, defendants NCGA, Thigpen, and/or one or more members of the defendant classes and subclasses were the joint "employer" or sole employer of the named plaintiffs and each member of those same classes and subclasses that the named plaintiffs seek to represent, within the meaning of 29 U.S.C. §§203(d) and (g) and N.C.Gen.Stat. §§95-25.2(3) and (5).

VI. FLSA STATUTORY COLLECTIVE ACTION ALLEGATIONS

22. The named plaintiffs maintain this FLSA action under 29 U.S.C. §216(b) for each similarly situated employee against defendants NCGA and NCGA member Thigpen in the three (3) year time period immediately preceding the date on which this action was filed.

23. This FLSA action is on behalf of the FLSA plaintiff class for each pay period in the time period described in ¶22 above relating to the first workweek in which the worker performed any work for defendants NCGA and/or Thigpen after that worker arrived in North Carolina pursuant to a labor certification and visa issued to the NCGA and those workers under 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a).

24. Defendants NCGA and member Thigpen jointly or severally employed the named plaintiffs and an unspecified number of other alien worker to perform agricultural labor for the NCGA and/or member Thigpen in the first workweek after the named plaintiffs and those other co-workers arrived in North Carolina.

25. Pursuant to the statutory class action procedure specified at 29 U.S.C. §216(b), for each similarly situated employee of the NCGA and/or member Thigpen, named plaintiffs de Luna, Gutierrez and de Luna Reyes file this collective action for each similarly situated person who files, will file, or who has filed a written consent to be a party to this collective action pursuant to 29 U.S.C. §216(b) within the applicable statute of limitation(s) ("FLSA plaintiff class").

26. This collective action by similarly situated persons under 29 U.S.C. §216(b) is based upon the failure of the named defendants to reimburse the named plaintiffs and the FLSA plaintiff class for certain transportation and visa expenses and fees that the named plaintiffs and the FLSA

plaintiff class the named plaintiffs seek to represent paid when those expenses and fees were primarily for the benefit of the named defendants.

27.    As a result of the failure to reimburse in the manner described in ¶26 above, the wages that the named plaintiffs and the FLSA plaintiff class received free and clear from the named defendants were less than the minimum wage required by 29 U.S.C. §206 on a weekly basis for each hour or part of an hour of actual work that each such similarly situated person was, is, or will be engaged to work in the first workweek that each such person was so engaged.

## VII.    RULE 23(b)(1) and (b)(3) CLASS ACTION ALLEGATIONS (NCWHA)

28.    The class of persons that the named plaintiffs seek to represent under Rule 23(b)(1)(A), Fed.R.Civ.P., for declaratory relief under N.C.Gen.Stat. §95-25.6 consists of all alien or formerly alien workers who were and/or are jointly or severally employed by defendants NCGA, NCGA member Marcus Thigpen, and/or one or more other members of the NCGA at any time in the two (2) year time period immediately preceding the date on which this action was filed, who performed any work for defendants NCGA, Thigpen, and/or any member of the defendant class defined in ¶30 below in the first workweek after that worker arrived in North Carolina pursuant to a labor certification and visa issued to the NCGA and those workers under 8 U.S.C. §§1184(c) and 1101(a)(15) (H)(ii)(a) ("NCWHA plaintiff class").

29.    This class includes a subclass that the named plaintiffs seek to represent for back wages and liquidated damages under N.C.Gen.Stat. §95-25.6, 95-25.22(a), and 95-25.22(a1) under Rule 23(b)(1)(A), Fed.R.Civ.P., against the two named defendants and those members of the defendant class defined in ¶30 below who resided in one or more of the counties listed in 28 U.S.C. §113(a) at the time this action was filed.  This plaintiff subclass consists of all alien or formerly alien workers

who were and/or are jointly or severally employed at any time in the two (2) year time period immediately preceding the date on which this action was filed by defendants NCGA, Marcus Thigpen, and/or one or more members of the defendant class defined in ¶30 below where that member or members of the NCWHA defendant class resided in one or more of the counties listed in 28 U.S.C. §113(a) at the time this action was filed, and for whom or which the named plaintiffs or one or more member of the NCWHA plaintiff class performed any work in the first workweek after that worker arrived in North Carolina pursuant to a labor certification and visa issued to the NCGA and those workers under 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a) ("NCWHA plaintiff subclass").

30.     The defendant class of persons that the named plaintiffs asks the Court to certify defendant Marcus Thigpen to represent under Rule 23(b)(3) consists of those members of the NCGA (and the person(s) who were the partner(s)/ owner/operator(s) of any corporate or partnership member of the NCGA) other than Marcus Thigpen who at any time in the two (2) year time period immediately preceding the date on which this action was filed employed or jointly employed one or more of the named plaintiffs and/or one or more members of the NCWHA plaintiff class of workers that the named plaintiffs seek to represent in the first workweek after that worker arrived in North Carolina pursuant to a labor certification and visa issued to the NCGA and those workers under 8 U.S.C. §1101(a)(15)(H)(ii)(a)("NCWHA defendant class").

31.     This defendant class also includes a defendant subclass under Rule 23(b)(3) that consists of defendant Thigpen and all members of the NCGA who both resided in one or more of the counties listed in 28 U.S.C. §113(a) at the time this action was filed, and who jointly or severally employed the named plaintiffs and/or any member of the NCWHA plaintiff class of this

Complaint at any time in the two (2) year time period immediately preceding the date on which this action was filed in the first workweek in which any such plaintiff class member worker performed any work for defendants NCGA, Thigpen, and/or any member of the NCWHA defendant class after that worker arrived in North Carolina pursuant to a labor certification and visa issued to the NCGA and those workers under 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a) (NCWHA subclass).

32. The NCWHA plaintiff and defendant classes and subclasses each consist of well in excess of 200 persons.

33. Joinder of all plaintiff class and subclass members would be impracticable if not impossible based upon the extreme geographic dispersion within and without the state of North Carolina, including a country or countries other than the United States of America, and by the language barriers imposed by the inability of a significant number of those class members to speak English.

34. Joinder of all defendant class and subclass members would be impracticable if not impossible based upon the extreme geographic dispersion across the state of North Carolina.

35. The questions of law or fact which are common to the named plaintiffs, the named defendant, and the respective members of the NCWHA plaintiff and defendant classes and subclasses which predominate over any other questions affecting the individual members of those respective classes under Rule 23, Fed.R.Civ.P., are: (a) Pursuant to their written and oral agreement with the named plaintiffs and each NCWHA plaintiff class and subclass member the named plaintiffs seek to represent that is enforceable under G.S. §95-25.6, did the defendants and any member of the NCWHA defendant class and subclass fail to pay the named plaintiffs and one or more members of the NCWHA plaintiff class or subclass all the wages they had agreed to pay each

such person when those wages were due for each hour or part of an hour in the first workweek that each such worker was employed by Marcus Thigpen or any member of the NWCHA defendant class and/or subclass, when the named defendants and that NCWHA defendant class and/or subclass failed to reimburse the named plaintiffs and each NCWHA plaintiff class and/or subclass member for the transportation and visa expenses and fees required by the "H2A program" codified at 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a)? (b) Were the transportation and visa expenses and fees that the named plaintiffs and the other NCWHA plaintiff class and subclass members paid primarily for the benefit of the named plaintiffs and the NCWHA plaintiff class and subclass members or were those same expenses and fees primarily for the benefit of the named defendants and the NCWHA defendant class and subclass of this complaint? (c) Did the named defendants and/or the NCWHA defendant class and subclass expressly, implicitly, or constructively agree or contract to pay free and clear to the named plaintiffs and each member of the NCWHA plaintiff class and subclass at the wage rate required by 29 U.S.C. §206(a), and the adverse effect wage rate ("AEWR") for the first workweek of work performed by the named plaintiffs and each member of the NCWHA plaintiff class and subclass for any named defendant and/or any member of the NCWHA defendant class and subclass? (d) Upon information and belief, the named defendants, the NCWHA defendant class and subclass above do not have any unique defense(s) against the named plaintiffs or any member of the NCWHA plaintiff class or subclass that the named plaintiffs seek to represent with respect to the claim for relief alleged by the named plaintiffs under the NCWHA in this action.

36. The claims of the named plaintiffs who seek to represent the NCWHA plaintiff class and subclass are typical of the claims of that class and subclass of persons that the named plaintiffs

seek to represent. The named plaintiffs and the NCWHA plaintiff class and subclass both allege that the named defendants and the defendant NCWHA class and subclass failed to pay the named plaintiffs and the NCWHA plaintiff class and subclass of persons the named plaintiffs seek to represent all of the wages each such person was due when those weekly wages were due for the first workweek that the named plaintiffs and each NCWHA plaintiff class and subclass member performed any agricultural work for the named defendants and/or any member of the NCWHA defendant class and subclass.

37. The named plaintiffs and the NCWHA plaintiff class and subclass of persons allege that this failure occurred when the named defendants and the NCWHA defendant class and subclass did not reimburse the named plaintiffs and each NCWHA plaintiff class and subclass member above in the first workweek that the named defendants and/or the NCWHA defendant class and subclass employed the named plaintiffs and the NCWHA plaintiff class and subclass for the transportation and visa expenses and fees that were primarily for the benefit of the named defendants and/or one or members of the NCWHA defendant class and subclass above to enable the named defendants and that same defendant class and subclass to employ the named plaintiffs and the NCWHA plaintiff class and subclass under the "H2A program" codified at 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a).

38. As a result, the named plaintiffs and the NCWHA plaintiff class and subclass claim that they were not paid at the wage rate that the named defendants and NCWHA defendant class and subclass had agreed to pay the named plaintiffs and the plaintiff class and subclass the named plaintiffs seek to represent for the first workweek that those workers were so employed.

39.     Upon information and belief, the defense(s), if any, of the named defendant Marcus Thigpen whom the named plaintiffs seek to be certified as the representative of the NCWHA defendant class and subclass are typical of the defense(s), if any, of the NCWHA defendant class and subclass of persons that the named plaintiffs seek to have defendant Thigpen certified to represent.

40.     Upon information and belief, in 1999, 2000, 2001, and 2002, when the U.S. Department of Labor ("DOL") advised the NCGA, defendant Thigpen, and each member of the NCWHA defendant class and subclass that their respective H2A labor certification requests were approved for each of those same years, the DOL advised the NCGA and those same persons that the FLSA prohibited the NCGA, defendant Thigpen, and each member of the NCWHA defendant class and subclass from taking deductions from a worker's pay or otherwise driving the worker's wages below the FLSA minimum wage by imposing on H2A workers that they employed business expenses, including but not limited to, the cost of the travel to the North Carolina worksite.

41.     Upon information and belief, in 1999, 2000, 2001, and 2002, when the DOL advised the NCGA, defendant Thigpen, and the members of NCWHA defendant class and subclass that their H2A labor certification requests were approved, DOL also advised the NCGA, defendant Thigpen, and those same persons that their obligation to pay the full FLSA minimum wage for all pay periods was not overridden by the H2-A program's regulation at 20 C.F.R. §655.102(b)(5)(i). The failure of named defendants NCGA and Thigpen and the NCWHA defendant class and subclass to comply with these instructions from DOL constitutes the essential factual basis for this action.

42.    The named plaintiffs and the named defendant will fairly and adequately represent the interests of the NCWHA classes and subclasses.

43.    The undersigned counsel Robert J. Willis and Jack Holtzman for the named plaintiffs are experienced litigators who have been named counsel for several class actions.

44.    Upon information and belief, the named defendants have substantial resources with which to pursue their defenses, if any, in this action on behalf of the named defendants and the NCWHA defendant class and subclass.

45.    In addition, defendant Thigpen was, is and continues to be a member of defendant NCGA.

46.    Upon information and belief, based upon defendant Thigpen's continuing membership status and the importance of the issues raised in this action to the NCGA and all NCGA members, the NCGA, with the financial assistance of its many grower members, will present a united defense to the claims of the plaintiff in this action against the NCGA, defendant Thigpen, and each member of the NCWHA defendant class and subclass.

47.    The prosecution of separate actions by individual members of the NCWHA plaintiff class and subclass under N.C.Gen.Stat. §§95-25.3 and/or 95-25.6 and the contractual agreement described in ¶¶72-73 below would create a risk of inconsistent or varying adjudications with respect to individual members of the NCWHA plaintiff class and subclass which would establish incompatible standards of conduct under N.C.Gen.Stat. §§95-25.3 and/or 95-25.6 and the contractual agreement described in ¶¶72-73 below for defendants NCGA, Thigpen, and each member of the NCWHA defendant class and subclass. In addition, the relief sought by the named plaintiffs with respect to the NCWHA plaintiff class above is predominately declaratory.

48.     Questions of law and fact common to both the members of the NCWHA plaintiff and defendant classes and subclasses predominate over any questions affecting only individual members, and a class action with respect to both the NCWHA plaintiff and defendant classes and subclasses is superior to other available methods for the fair and efficient adjudication of the controversy.

VIII.    RULE 23(b)(1) and (b)(3) CLASS ACTION ALLEGATIONS (contract)

49.     The class of persons that the named plaintiffs seek to represent under Rule 23(b)(1)(A), Fed.R.Civ.P., for declaratory relief under the common law of contracts, consists of all alien or formerly alien workers who were and/or are jointly or severally employed by defendants NCGA, NCGA member Marcus Thigpen, and/or one or more other members of the NCGA at any time in the three (3) year time period immediately preceding the date on which this action was filed, and who actually performed any agricultural labor for defendant Thigpen or any other such NCGA member within that same three (3) year time period in the first workweek after that worker arrived in North Carolina pursuant to a labor certification and visa under 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a), and pursuant to a contract formed with those workers under 20 C.F.R. §655.103(b) (describing the employer assurances)and 20 C.F.R. §655.102(b)(9) (setting the pay rate) and item 9 of the NCGA Clearance Orders and job offers made by the named defendants and the defendant subclass defined in ¶52 below that was accepted by the named plaintiffs and the plaintiff subclass defined in this paragraph. ("contract plaintiff class")

50.     This class includes a plaintiff subclass that the named plaintiffs seek to represent under Rule 23(b)(1)(A), Fed.R.Civ.P., for damages under the common law of contract. That subclass consists of all alien or formerly alien workers who were and/or are jointly or severally

employed by defendants Marcus Thigpen and/or one or more members of the NCGA other than Marcus Thigpen at any time in the three (3) year time period immediately preceding the date on which this action was filed where that defendant class member both: (a) resided in one or more counties listed in 28 U.S.C. §113(a) at the time this action was filed, and (b) employed the named plaintiffs and/or one or more member of the contract plaintiff class at any time in the three (3) year time period immediately preceding the date on which this action was filed, and where that worker actually performed any agricultural labor for that defendant class member in the first workweek after that worker arrived in North Carolina pursuant to a labor certification and visa, issued to the NCGA under 8 U.S.C. §§1184(c) and 1101(a)(15)(H) (ii)(a), and pursuant to a contract formed with those workers by 20 C.F.R. §655.103(b) (employer assurances) and 20 C.F.R. §§655.102(b)(9) and 655.107 (setting the pay rate) and item 9 of the NCGA Clearance Orders and job offers made by the named defendants and the defendant subclass defined in ¶50 below that was accepted by the named plaintiffs and the plaintiff subclass defined in this paragraph ("contract plaintiff subclass").

51.    The defendant class of persons that the named plaintiffs ask the Court to certify defendant Marcus Thigpen to represent under Rules 23(b)(3), for declaratory relief only, consists of those members of the NCGA (and the person(s) who were the partner(s)/owner/operator(s) of any corporate or partnership member of the NCGA) other than Marcus Thigpen who at any time in the three (3) year time period immediately preceding the date on which this action was filed employed or jointly employed one or both of the named plaintiffs, and/or one or more members of the plaintiff contract class that the named plaintiffs seek to represent, in the first workweek after that worker arrived in North Carolina pursuant to a labor certification and visa issued to the NCGA under 8 U.S.C. §§1184(c) and 1101(a)(15)(H) (ii)(a), and pursuant to a contract formed with those workers

by 20 C.F.R. §655.103(b) (employer assurances) and 20 C.F.R. §§655.102(b)(9) and 655.107 (setting the pay rate) and item 9 of the NCGA Clearance Orders and job offers made by the named defendants and the defendant subclass defined in ¶52 below that was accepted by the named plaintiffs and the plaintiff subclass defined in this paragraph ("contract defendant class").

52. This class includes a defendant subclass that the named plaintiffs seek to have defendant Thigpen certified to represent under Rule 23(b)(3), Fed.R.Civ.P., for damages under the common law of contract. This class includes defendant Marcus Thigpen and those members of the NCGA (and the person(s) who were the partner(s)/owner /operator(s) of any corporate or partnership member of the NCGA) other than Marcus Thigpen who resided in one or more counties listed in 28 U.S.C. §113(a) at the time this action was filed, and who at any time in the three (3) year time period immediately preceding the date on which this action was filed employed or jointly employed one or both of the named plaintiffs and/or members of the contract plaintiff subclass that the named plaintiffs seek to represent in the first workweek after that worker arrived in North Carolina pursuant to a labor certification and visa issued to the NCGA under 8 U.S.C. §§1184(c) and 1101(a)(15)(H) (ii)(a), and pursuant to a contract formed with those workers by 20 C.F.R. §655.103(b) (describing employer assurances) 20 C.F.R. §§655.102(b)(9) and 655.107 (setting the pay rate), and item #9 in the NCGA Clearance Order job offer made by the named defendants and the defendant subclass defined in this paragraph that was accepted by the named plaintiffs and the contract plaintiff subclass ("contract defendant subclass").

53. The contract plaintiff and defendant classes and subclasses of persons each consists of well in excess of 200 persons.

54.     Joinder of all contract plaintiff class and subclass members would be impracticable if not impossible based upon the extreme geographic dispersion of the putative class members within and without the state of North Carolina, including at least one country other than the United States of America, and by the language barriers imposed by the inability of a significant number of those class members to speak English.

55.     Joinder of all contract defendant class and subclass members would be impracticable if not impossible based upon the extreme geographic dispersion across the state of North Carolina.

56.     The questions of law or fact which are common to the named plaintiffs, the named defendant, and the respective members of the contract plaintiff and defendant classes and subclasses and which predominate over any other questions affecting the individual members of those respective classes under Rule 23, Fed.R.Civ.P., are:  a)  Did the defendants and/or any member of the contract defendant class or subclass fail to reimburse the named plaintiffs and each contract plaintiff class and subclass member for the transportation and visa expenses and fees required by the "H2A program" codified at 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a)?  b) If yes, did this failure constitute a failure by the defendants and/or any member of the contract defendant class or subclass to pay the named plaintiffs and/or any member of the contract plaintiff class or subclass all the wages they had agreed to pay each such person when those wages were due for each hour or part of an hour in the first workweek that each such worker was employed by Marcus Thigpen or any member of the contract defendant class pursuant to the written job offer described in 20 C.F.R. §§655.102(b)(9) and 653.103(b) which was accepted by the named plaintiffs and each contract class and subclass member?   c)  Did the written job offer described in 20 C.F.R. §§655.102(b)(9) and 653.103(b) which was accepted by the named plaintiffs and each contract plaintiff class and

subclass member constitute a contract between defendants and/or members of the contract defendant class and subclass and the named plaintiffs and/or contract plaintiff class and subclass members who accepted this offer? (d) Were the transportation and visa expenses and fees that the named plaintiffs and the other contract plaintiff class and subclass members paid primarily for the benefit of the named plaintiffs and the contract plaintiff class and subclass members or were those same expenses and fees primarily for the benefit of the named defendants and the contract defendant class and subclass? (e) Did the named defendants and/or the contract defendant class and subclass expressly, implicitly, or constructively agree or contract to pay free and clear the named plaintiffs and each member of the contract plaintiff class and subclass at the wage rate required by 29 U.S.C. §206(a), and the adverse effect wage rate ("AEWR") for the first workweek of work performed by the named plaintiffs and each member of the contract plaintiff class and subclass for any named defendant and/or any member of the contract defendant class and subclass? (f) Upon information and belief, the named defendants, the contract defendant class and defendant subclass do not have any unique defense(s) against the named plaintiffs or any member of the contract plaintiff class or subclass that the named plaintiffs seek to represent with respect to the claim for relief under the common law of contracts alleged by the named plaintiffs and the contract plaintiff class and subclass in this action.

57. The claims of the named plaintiffs who seek to represent the contract plaintiff class and subclass are typical of the claims of that class and subclass of persons that the named plaintiffs seek to represent. The named plaintiffs and the contract plaintiff class and subclass both allege that the named defendants and the contract defendant class and subclass of defendants breached their contractual agreement under 20 C.F.R. §§655.103(b), 655.102(b)(9)(i), and 655.107 to comply with

all applicable federal and state employment-related laws, including the FLSA and the NCHWA, when the named defendants and the contract defendant class and subclass failed to pay them all of the wages each such person was due when those weekly wages were due for the first workweek that they performed any agricultural work for the named defendants and/or any member of the contract defendant class and subclass.

58.     The named plaintiffs and the contract plaintiff class and subclass of persons allege that this breach of contract occurred when the named defendants and the contract defendant class and subclass did not reimburse them in the first workweek that the named defendants and/or the contract defendant class and subclass employed them for the transportation and visa expenses and fees that were primarily for the benefit of the named defendants and/or one or members of the contract defendant class and subclass to enable the named defendants and that same contract defendant class and subclass to employ the named plaintiffs and the contract plaintiff class and subclass under the "H2A program" codified at 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a).

59. As a result, the named plaintiffs and the contract plaintiff class and subclass allege that they were not paid at the wage rate that the named defendants and contract defendant class and subclass had agreed to pay them pursuant to the Agricultural and Food Processing Clearance Orders submitted by the NCGA for the first workweek that those workers were so employed.

60.     Upon information and belief, the defense(s), if any, of the named defendant Marcus Thigpen whom the plaintiffs seek to be certified as the representative of the contract defendant class and subclass are typical of the defense(s), if any, of that class and subclass of persons that the named plaintiffs seek to have defendant Thigpen certified to represent.

61. Upon information and belief, in 1999, 2000, 2001, and 2002, when the U.S. Department of Labor ("DOL") advised the NCGA, defendant Thigpen, and each member of the contract defendant class and subclass that their respective H2A labor certification requests were approved for each of those same years, the DOL advised the NCGA and those same persons that the FLSA prohibited the NCGA, defendant Thigpen, and each member of the contract defendant class and subclass from taking deductions from a worker's pay or otherwise driving the worker's wages below the FLSA minimum wage by imposing on H2A workers that they employed business expenses, including but not limited to, the cost of the travel to the North Carolina worksite.

62. Upon information and belief, in 1999, 2000, 2001, and 2002, when the DOL advised the NCGA, defendant Thigpen, and the members of contract defendant class and subclass that their H2A labor certification requests were approved, DOL also advised the NCGA, defendant Thigpen, and those same persons that their obligation to pay the full FLSA minimum wage for all pay periods was not overridden by the H2-A program's regulation at 20 C.F.R. §655.102(b)(5)(i). The failure of named defendants NCGA and Thigpen and the contract defendant class and subclass to comply with these instructions from DOL constitutes the essential factual basis for the plaintiffs' claim that the named defendants and the contract defendant class and subclass breached their contractual agreement.

63. The named plaintiffs and the named defendant will fairly and adequately represent the interests of the contract plaintiff and defendant classes and subclasses of persons.

64. The undersigned counsel Robert J. Willis and Jack Holtzman for the named plaintiffs are experienced litigators who have been named counsel for several class actions.

65.     Upon information and belief, the named defendants have substantial resources with which to pursue their defenses, if any, in this action on behalf of the named defendants and the contract defendant class and subclass. In addition, defendant Thigpen was, is and continues to be a member of defendant NCGA.

66.     Upon information and belief, based upon defendant Thigpen's continuing membership status and the importance of the issues raised in this action to the NCGA and all NCGA members, the NCGA, with the financial assistance of its many grower members, shall present a united defense to the claims of the plaintiffs in this action against the NCGA, defendant Thigpen, and each member of the contract defendant class and subclass.

67.     The prosecution of separate actions by individual members of the contract plaintiff class and subclass under the common law of contracts based upon the breach of contract alleged in ¶¶82-83 below would create a risk of inconsistent or varying adjudications with respect to individual members of the contract plaintiff class and subclass which would establish incompatible standards of conduct for defendants NCGA, Thigpen, and the members of the contract defendant class and subclass with respect to the breach of the contract that is alleged in ¶¶82-83 below.

68.     In addition, questions of law and fact common to the members of both the contract plaintiff subclass and the contract defendant class and subclass predominate over any questions affecting only individual members, and a class action with respect to both the contract plaintiff subclass and the contract defendant class and subclass is superior to other available methods for the fair and efficient adjudication of the controversy.

IX.  FACTUAL ALLEGATIONS

69.     The named plaintiffs, the similarly situated employees of the defendants that are described in paragraphs 22-26 above, and the NCWHA and contract plaintiff class and subclass members were and/or are jointly and severally employed to perform agricultural labor by the named defendants and/or one or more members of the FLSA, NCWHA, and contract defendant classes and subclasses in and around many of the counties that are listed in 28 U.S.C. §113(a) and other counties in the State of North Carolina for the first workweek that they performed any work for any of the named defendants and/or any member of the FLSA, NCWHA, and contract defendant classes at any time in the time periods set forth in paragraphs 22-26, 28, and 49 above of this complaint in the labor recruiting and agricultural businesses of the named defendants and the defendant classes and subclasses.

70.     For each calendar year that occurred from at least January 1, 1998 to the present, the named defendants and/or one or more of the defendant class and/or subclass members made a written job offer in the form of an Agricultural and Food Processing Clearance Order ("Clearance Order") under 20 C.F.R. Part 655 to one and/or both of the named plaintiffs and each member of the plaintiff classes and subclasses to perform the work described in ¶69 above for the named defendants and/or one or more of the defendant classes and/or subclasses.

71.     A true and correct copy of at least two (2) of those Clearance Orders (without the "addendums" referred to in items 11, 12 and 14 of those Clearance Orders) with anticipated periods of employment that occurred in 2000 and 2001 are attached to this complaint marked as Plaintiff's Exhibits 1 and 2.  Among other terms, each of those written job offers contained the terms that are described in 20 C.F.R. §§655.102(b)(9) and 655.103(b).  Based upon the inability of the NCGA to

recruit sufficient U.S. workers in 2000, 2001, and 2002 through the circulation of Clearance Orders like Plaintiff's Exhibits 1 and 2 attached, the U.S. Department of Labor ("DOL") granted the NCGA and hundreds of its members written certifications of the type set forth in Plaintiff's Exhibits 3 and 4 attached in 2000, 2001, and 2002.

72.     In each year starting with at least January 1, 1998, named plaintiff Felipe de Jesus De Luna-Guerrero and each member of the plaintiff classes and subclasses accepted the written job offer that is described in ¶71 above and the terms that were contained in it, and traveled to North Carolina from Mexico to perform and did perform agricultural work for the named defendants and/or one or more of the defendant class and/or subclass members pursuant to the H2A program (codified at 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a)) in the first week after those workers arrived in North Carolina in each of those same calendar years. In both 1999 and 2001, the same was true with respect to named plaintiffs Baldomero Gutierrez De Luna and Luis Manuel de Luna Reyes.

73.     However, on or after the regular pay day that fell within the three (3) year time period immediately preceding the date on which this action was filed, the named defendants and/or one or more of the defendant class and subclass members did not pay the named plaintiffs and the plaintiff class and subclass members all their wages when they due at the adverse effect wage rate ("AEWR") described in item #9 of each NCGA Clearance Order, 20 C.F.R. §§655.102(b)(9) and 655.107, the minimum and/or overtime rate required by 29 U.S.C. §206(a) and/or N.C.Gen.Stat. §95-25.3, and N.C.Gen.Stat. §95-25.6, for the work that those persons performed in the first workweek that they were employed to perform any agricultural work in North Carolina.

74. The failure of the named defendants and/or one or more of the defendant class and subclass members to pay the wages when due at the rates specified in ¶73 above occurred because: (a) the named defendants and/or one or more of the defendant class and subclass members failed to reimburse the named plaintiffs and the plaintiff classes and subclasses in the first workweek for the transportation and visa expenses and fees that the named plaintiffs and those same plaintiff class and subclass members had to pay to enable the named defendants and that same defendant class and subclass to employ the named plaintiffs and those same plaintiff classes and subclasses under the "H2A program" codified at 8 U.S.C. §§1184(c) and 1101(a)(15)(H)(ii)(a), and (b) the gross wages that the named defendants and/or one or more of the defendant class and subclass members owed and actually paid to the named plaintiffs and those same plaintiff classes and subclasses for the first workweeks described in ¶73 above for the actual hours of agricultural labor performed by the named plaintiffs and those same plaintiff classes and subclasses in the first workweeks described in ¶73 above was much less than the amount that the named plaintiffs and the plaintiff classes and subclasses paid for the visa and transportation expenses that are described in ¶¶76 and 78 below of this Complaint.

75. Those fees and expenses for which the named defendants and/or one or more of the defendant classes and subclasses did not reimburse the named plaintiffs and the plaintiff classes and subclasses are those that are described in ¶¶76 and 78 below of this complaint.

76. For each year beginning with calendar year 1998 and continuing through 2002, the named defendants and/or one or more of the members of the defendant classes and subclasses required named plaintiff Felipe de Jesus De Luna-Guerrero and each member of the plaintiff classes and subclasses to pay $370.00 for transportation and visa expenses to enter the United States and to

travel from Monterrey, Mexico to Vass, North Carolina as a condition of employment under the H2A program by the named defendants and/or one or more of the defendant class and subclass members. The same was true for named plaintiffs Baldomero Gutierrez De Luna and Luis Manuel de Luna Reyes in 1999 and 2001 when they each worked in North Carolina as an "H2A" worker.

77. The charge for transportation and visa expenses described in ¶76 above was primarily for the convenience of the named defendants and the defendant classes and subclasses.

78. Upon information and belief, for each year beginning with calendar year 1998 and continuing through 2002, with the knowledge and consent of the named defendants and the members of the defendant classes and subclasses, one or more recruiting agents of those same named defendants and those same members of the defendant class and subclasses operating in Mexico required the named plaintiffs and each member of the plaintiff classes and subclasses to pay varying sums in addition to those described in ¶76 above for transportation from the place at which the named plaintiffs and each member of the plaintiff classes and subclasses were recruited by one or more of those same recruiting agents of the named defendants and/or one or more of the members of the defendant class and subclass members to Monterrey, Mexico as a condition of employment under the H2A program by the named defendants and/or one or more of the defendant class and subclass members.

79. The additional charge for transportation described in ¶78 above was primarily for the convenience of the named defendants and the defendant classes and subclasses.

80. Based at least in part on the terms of the Agricultural and Food Processing Clearance Order and job offer described in ¶70 above that was accepted by the named plaintiffs and each member of the classes and subclasses, during all of those same workweeks described above, the

named plaintiffs and each member of the plaintiff classes and subclasses of persons described in had and have an express, implied, or constructive agreement with all of the named defendants and/or one or more of the defendant class and subclass members that one or more of the named defendants and/or one or more of the defendant class and/or subclass members would compensate them, free and clear, at the higher of the minimum rate required by federal or state law or the AEWR (as defined by 20 C.F.R. §§653.102(b)(9) and 655.107) for any actual hours of work that were less than 40 hours per week in the first workweek that the named plaintiffs or any plaintiff class and subclass member performed any work for one or more of the named defendants and/or one or more of the defendant class and subclass members.

81.    By failing to make the wage reimbursements and requiring the charges described in ¶¶73-78 above, the named defendants and/or one or more of the defendants named in the classes and subclasses did not comply with the express, implied, and/or constructive agreement described in ¶80 above. By failing to comply, defendants have failed to pay the named plaintiffs and the plaintiff classes and subclasses of persons all of the wages the named plaintiffs and those class members were, are and will be due when those wages were due in violation of G.S. §96-25.6 and in breach of the contractual agreement described in ¶¶73 -78, and 80 above.

X.    FIRST CLAIM FOR RELIEF (NCWHA)

82.    Paragraphs 1 through 81 above are realleged and incorporated herein by reference by the named plaintiffs and each member of the NCWHA plaintiff class and subclass that the named plaintiffs seek to represent pursuant to Rule 23(b)(1)(A), Fed.R.Civ.P., or, in the alternative, under Rule 23(b)(3), Fed.R.Civ.P., against all named defendants and the NCWHA defendant class and subclass.

83.     The named defendants and the NCWHA defendant class and subclass did not pay and will not pay all wages due when those wages were and will be due to the named plaintiffs and the NCWHA plaintiff class and subclass of persons of this complaint that the named plaintiffs seek to represent under Rule 23(b)(1)(A), Fed.R.Civ.P., or, in the alternative, under Rule 23(b)(3), Fed.R.Civ.P., for the work described in ¶¶69-72 above of this Complaint in violation of the agreement described in ¶¶80-81 above of this Complaint.

84.     As a result of these actions of the named defendants and the NCWHA defendant class and subclass in violation of the rights of the named plaintiffs and each member of the NCWHA plaintiff class and subclass under N.C.Gen.Stat. §§95-25.3, 95-25.4, and/or 95-25.6, the named plaintiffs and each person who is a member of the NCWHA plaintiff class and subclass of persons of this complaint have suffered and/or will suffer damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

XI.     SECOND CLAIM FOR RELIEF (Contract – all defendants)

85.     Paragraphs 1 through 84 above are realleged and incorporated herein by reference by the named plaintiffs and each member of the contract plaintiff class and subclass of this complaint that the named plaintiffs seek to represent pursuant to Rule 23(b)(1)(A), or, in the alternative, under Rule 23(b)(3), against all named defendants and the contract defendant class and subclass under the common law of contracts.

86.     The named defendants and the contract defendant class and subclass breached the express, implied, and/or constructive contract described in ¶¶70-72 and 80 above when those named defendants and each member of the contract defendant class and subclass did not pay and will not pay all wages due when those wages were and will be due to the named plaintiffs and the contract

plaintiff class and subclass of persons of this complaint that the named plaintiffs seek to represent under Rule 23(b)(1)(A), or, in the alternative, Rule 23(b)(3), Fed.R.Civ.P., for the work described in ¶¶69-70 above of this Complaint based upon the actions or omissions described in ¶¶73-78 and 81 above of this Complaint.

87.     As a result of the actions or omissions of the named defendants and/or the members of the contract defendant class and subclass that are described in ¶¶73-78 and 81 above of this complaint, the named plaintiffs and each person who is a member of the contract plaintiff class and subclass of persons of this complaint have suffered damages in the form of unpaid wages that may be recovered under the common law of contracts.

XII.    THIRD CLAIM FOR RELIEF (FLSA against all defendants)

88.     Paragraphs 1 through 87 above are realleged and incorporated herein by reference by the named plaintiffs and each member of the FLSA plaintiff class of this complaint that the named plaintiffs seek to represent pursuant to 29 U.S.C. §216(b) against all named defendants under the FLSA.

89.     The named defendants did not pay the named plaintiffs and the FLSA plaintiff class defined in ¶¶22-25 above that the named plaintiffs seek to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. §206(a) for the work described in ¶¶69-70 above of this Complaint.

90.     As a result of these willful actions of the named defendants in reckless disregard of the rights of the named plaintiffs and the FLSA plaintiff class under 29 U.S.C. §206(a), the named plaintiffs and each member of the FLSA plaintiff class have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

XIII. CLAIM FOR DECLARATORY RELIEF

91.     Paragraphs 1 through 90 above are realleged and incorporated herein by reference by the named plaintiffs and the classes of persons they seek to represent against the defendants, defendant classes, and defendant subclasses defined above.

92.     The parties, classes, and subclasses named in this action are in dispute as to their respective rights, privileges, obligations, and liabilities under the Fair Labor Standards Act, the North Carolina Wage and Hour Act, and the common law of contracts, and require declaratory relief as to what those respective rights, privileges, obligations, and liabilities are.

WHEREFORE Plaintiff respectfully requests that the Court:

(a)     Grant a jury trial on all issues so triable;

(b)     Certify the named plaintiffs as the representative of the FLSA plaintiff class in a collective action for declaratory relief under 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") against defendants NCGA and Marcus Thigpen with respect to the plaintiffs' Claim for Declaratory Relief under the FLSA;

(c)     Certify the named plaintiffs as the representative of the FLSA plaintiff class in a collective action for back wages and liquidated damages pursuant to 29 U.S.C. §216(b) of the FLSA against defendants Marcus Thigpen and the NCGA with respect to the plaintiffs' Third Claim for Relief under the FLSA;

(d)     Pursuant to Rule 23(b)(1)(A), Fed.R.Civ.P., certify the named plaintiffs as the representatives of the NCWHA plaintiff class of persons in a bilateral class action for declaratory relief under N.C.Gen.Stat. §§95-25.3, 95-25.4, and/or 95-25.6 against the NCWHA defendant class under Rule 23(b)(3) and represented by defendant Marcus Thigpen with respect to the plaintiffs' Claim for Declaratory Relief under the NCWHA;

(e)     Pursuant to Rule 23(b)(1)(A), Fed.R.Civ.P., certify the named plaintiffs as the representatives of the NCWHA plaintiff subclass of persons of this complaint in a bilateral class action for back wages and liquidated damages under N.C.Gen.Stat. §95-25.22(a) and 95-25.22(a1) against the NCWHA defendant subclass above under Rule 23(b)(3) and represented by defendant Marcus Thigpen with respect to the plaintiffs' First Claim for Relief under the NCWHA;

(f)     Pursuant to Rule 23(b)(1)(A), Fed.R.Civ.P., certify the named plaintiffs as the representatives of the contract plaintiff class in a bilateral class action for declaratory relief under the common law of contracts against the contract defendant class under Rule 23(b)(3) and represented by defendant Marcus Thigpen with respect to the plaintiffs' Claim for Declaratory Relief under the common law of contracts;

(g)     Pursuant to Rule 23(b)(1)(A), Fed.R.Civ.P., certify the named plaintiffs as the representatives of the contract plaintiff subclass of persons of this complaint in a bilateral class action for compensatory damages for the breach of the terms of the contract set forth in the Agricultural and Food Processing Clearance Order job offers by the contract defendant subclass under Rule 23(b)(3) and represented by defendant Marcus Thigpen with respect to the plaintiffs' Second Claim for Relief under the common law of contracts;

(h)     Declare that defendants The North Carolina Grower's Association, Inc., Marcus Thigpen, and the NCWHA and contract defendant classes have violated their obligations to the named plaintiffs and the FLSA, NCWHA, and contract plaintiff classes under: (i) the North Carolina Wage and Hour Act, N.C.Gen.Stat. §§95-25.3, and/or 95-25.6 to pay the plaintiff and the NCWHA plaintiff class all wages when due at the rate required by G.S. §95-25.3 and/or by 29 U.S.C. §206(a) pursuant to the terms of the Agricultural and Food Processing Clearance Order job

offer that is described in ¶¶70-72 above; (ii) the common law of contracts with respect to the contract described in ¶¶70-72 and 80 above of the Complaint; and (iii) the Fair Labor Standards Act, 29 U.S.C. §206(a) by failing to pay the named plaintiffs and the FLSA plaintiff class at the minimum wage rate required by the FLSA in the first workweek that each member of the FLSA, NCWHA, and contract plaintiff classes above were employed by one or more of the named defendants and/or one or more of the FLSA, NCWHA, and contract defendant class members in the classes;

        (i)       Declare that defendants The North Carolina Grower's Association, Inc. and Marcus Thigpen and each member of the contract defendant class have breached the term of their Agricultural and Food Processing Clearance Order contracts in 2000, 2001, and 2002 with the named plaintiffs and/or one or more members of the contract plaintiff class that promised payment of the AEWR at the rate specified in 20 C.F.R. §§655.102(b)(9) and 655.107, and full compliance with all federal and state employment-related laws by failing to pay for the difference, if any, between the amount of wages that the NCGA, defendant Thigpen, and/or one or one more members of the contract defendant class was obligated to pay the named plaintiffs and/or one or more members of the contract plaintiff class under item #9 of each NCGA Clearance Order pursuant to the AEWR guarantee required by 20 C.F.R. §§655.102(b)(9) and 655.107, 29 U.S.C. §206(a) and/or N.C.Gen.Stat. §§95-25.3 and/or 95-25.6 for each hour(s) or part of an hour(s) of work that each such employee performed in the first workweek after that worker arrived in North Carolina and the amount of wages that defendants NCGA, Thigpen, and the members of the contract defendant class actually paid to the named plaintiffs and the contract plaintiff class after that actual amount is reduced by the full amount of any fees and costs described in ¶¶76 and 78 above of this Complaint

that the named plaintiffs and each member of the contract plaintiff class were required to pay out of their own pocket to travel to and be employed by defendants NCGA, Thigpen, and/or one or more members of the contract defendant class;

(j)     Declare that defendants The North Carolina Grower's Association, Inc. and Marcus Thigpen and each member of the NCWHA defendant class have violated N.C.Gen.Stat. §§95-25.3 and/or 95-25.6 by failing to comply with the terms of their Agricultural and Food Processing Clearance Order contracts in 2000, 2001, and 2002 with the named plaintiffs and each member of the NCWHA plaintiff class that promised payment of the full compliance with all federal and state employment-related laws in 2000, 2001, and 2002 by failing to pay for the difference, if any, between the amount of wages that the NCGA, defendant Thigpen, and/or one or one more members of the NCWHA defendant class was obligated to pay the named plaintiffs and/or one or more members of the NCWHA class  under item #9 of each NCGA Clearance Order pursuant to the AEWR guarantee required by 20 C.F.R. §§655.102(b)(9) and 655.107, 29 U.S.C. §206(a), and/or N.C.Gen.Stat. §§95-25.3 for each hour(s) or part of an hour(s) of work that each such employee performed in the first workweek after that worker arrived in North Carolina and the amount of wages that defendants NCGA, Thigpen, and the members of the NCWHA defendant class actually paid to the named plaintiffs and the NCWHA plaintiff class after that actual amount is reduced by the full amount of any fees and costs described in ¶¶76 and 78 above of this Complaint that the named plaintiffs and each member of the NCWHA plaintiff class were required to pay out of their own pocket to travel to and be employed by defendants NCGA, Thigpen, and/or one or more members of the NCWHA defendant class;

(k)     Declare that defendants The North Carolina Grower's Association, Inc. and Marcus Thigpen have violated 29 U.S.C. §206(a) by failing to pay the named plaintiffs and each member of the FLSA plaintiff class for the difference, if any, between the amount of wages that the NCGA and/or defendant Thigpen was obligated to pay the named plaintiffs and/or one or more members of the FLSA plaintiff class under 29 U.S.C. §206(a) for each hour(s) or part of an hour(s) of work that each such employee performed in the first workweek after that worker arrived in North Carolina and the amount of wages that defendants NCGA and/or Thigpen actually paid to the named plaintiffs and the FLSA plaintiff class after that actual amount is reduced by the full amount of any fees and costs described in ¶¶76 and 78 above of this Complaint that the named plaintiffs and each member of the FLSA plaintiff class were required to pay out of their own pocket to travel to and be employed by defendants NCGA and/or Thigpen;

(l)     Enter judgment against named defendants The North Carolina Grower's Association, Inc., Marcus Thigpen, and each member of the contract defendant subclass that the Court certifies defendant Marcus Thigpen to represent pursuant to Rule 23(b)(3), jointly and severally, and in favor of the named plaintiffs and each member of the contract plaintiff subclass for compensatory damages against named defendants The North Carolina Grower's Association, Inc., Marcus Thigpen, and each member of the contract defendant subclass that the Court certifies Marcus Thigpen to represent pursuant to Rule 23(b)(3), jointly and severally, under the Second Claim for Relief in an amount equal to the total of the unpaid or underpaid AEWR wages that the named defendants and each member of the contract defendant subclass contracted to pay the named plaintiffs and each member of the contract plaintiff subclass, jointly and severally, under the common law of contracts for the first work week in which the named plaintiffs or any member of

the contract plaintiff subclass of persons of this Complaint performed the work described in ¶¶69-72 and 80 above of the Complaint, plus interest at the full amount allowed by law;

(m)    Enter judgment against named defendants The North Carolina Grower's Association, Inc., Marcus Thigpen, and each member of the NCWHA defendant subclass that the Court certifies defendant Marcus Thigpen to represent pursuant to Rule 23(b)(3), jointly and severally, and in favor of the named plaintiffs and each member of the NCWHA plaintiff subclass for unpaid or underpaid wages against named defendants The North Carolina Grower's Association, Inc., Marcus Thigpen, and each member of the NCWHA defendant subclass that the Court certifies Marcus Thigpen to represent pursuant to Rule 23(b)(3), jointly and severally, under the First Claim for Relief in an amount equal to the total of the unpaid or underpaid wages when due that the named defendants and each member of the NCWHA defendant subclass were obligated to pay the named plaintiffs and each member of the NCWHA plaintiff subclass, jointly and severally, under G.S. §§95-25.3 and/or 95-25.6 for the first work week in which the named plaintiffs or any member of the contract plaintiff subclass of persons performed the work described in ¶¶69-72 and 80 above of the Complaint, plus an equal additional amount as liquidated damages under G.S.§§95-25.22(a) and 95-25.22(a1) for any back wages awarded under the provision of G.S. §§95-25.3, 95-25.6 and/or 95-25.22(a), plus interest in the manner and at the rate prescribed in N.C.Gen.Stat. §95-25.22(a) and the common law of North Carolina (as modified by any applicable statute) on those same back wages;

(n)    Enter judgment against the named defendants The North Carolina Grower's Association, Inc. and Marcus Thigpen, jointly and severally, and in favor of the named plaintiffs and each member of the FLSA plaintiff subclass who files a consent to sue at any time before

judgment is entered in this action for unpaid back wages pursuant to 29 U.S.C. §§206 and 216(b) against named defendants The North Carolina Grower's Association, Inc. and Marcus Thigpen pursuant to 29 U.S.C. §216(b), jointly and severally, under the Third Claim for Relief in an amount equal to the total of the unpaid or underpaid wages due the named plaintiffs and each member of the FLSA and NCWHA plaintiff subclass, jointly and severally, under the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. for the work described in ¶¶69-72 above for the first work week in which the named plaintiffs or any member of the plaintiff FLSA subclass performed the work described in ¶¶69-72 of the Complaint, plus an equal amount in liquidated damages under 29 U.S.C. §216(b);

(o) Enter judgment against defendants The North Carolina Grower's Association, Inc., Marcus Thigpen, and each member of the FLSA and NCWHA defendant classes, jointly and severally, and in favor of the named plaintiffs and all members of the FLSA, NCWHA, and contract plaintiff classes for the costs of this action;

(p) Enter judgment against defendants The North Carolina Grower's Association, Inc., Craig Stan Eury, Jr., Marcus Thigpen, and each member of the FLSA and NCWHA defendant classes, jointly and severally, and in favor of the named plaintiffs and all members of the FLSA, NCWHA, and contract plaintiff classes above for reasonable attorney fees under and N.C.Gen.Stat. §95-25.22(d) and 29 U.S.C. §216(b);

(q) Award prejudgment and post judgment interest at the highest amount authorized by applicable law on any amount of monetary damages awarded for back wages as requested in paragraphs (l)-(m) above of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(r) Award such other relief as may be just and proper in this action.

This the 12th day of March, 2003.

                    LAW OFFICES OF ROBERT J. WILLIS

                    BY: *Robert J Willis /s/*
                        Robert J. Willis
                        Attorney at Law
                        NC Bar #10730
                        (mailing address)
                        P.O. Box 1269
                        Raleigh, NC  27602
                        (919) 821-9031

                        5. W. Hargett Street
                        Suite 404
                        Raleigh, NC  27601
                        Co-Counsel for Plaintiffs

                    NORTH CAROLINA JUSTICE AND
                            COMMUNITY
                    DEVELOPMENT CENTER
                    P.O. Box 28068
                    Raleigh, NC  27611
                    (919) 856-2144
                    (919) 856-2175 (fax)

                    BY: *Carol L. Brooke*
                        Carol L. Brooke
                        Attorney at Law
                        NC Bar # 29126

                        *Jack Holtzman*
                        Jack Holtzman
                        Attorney at Law
                        NC Bar #13548
                        Co-Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the foregoing document on the following person(s) and/or entities listed below by mailing the same by U.S. mail, first class, postage prepaid, addressed as follows:

> W.R. Loftis, Jr., Esq.
> Constangy, Brooks & Smith, LLC
> 100 N. Cherry Street, Suite 300
> Winston-Salem, NC 27101

This the 12th day of March, 2003.

Jack Holtzman

## CONSENT TO SUE

I, _Luis Manuel de Luna_, hereby consent to be a party to the above-captioned lawsuit under 29 U.S.C. §216(b) to assert my right to the minimum wage and/or overtime wages required by the Fair Labor Standards Act.

x _Luis Manuel De Luna R_
SIGNATURE

_02/13/03_
DATE


_____
SOCIAL SECURITY NUMBER

_03/21/80_
DATE OF BIRTH

# Note:

## This Is Only A
## Partially Scanned Document.

## Please See The Case File For
## Attachments, Exhibits, Affidavits Or Other
## Material Which Has Not Been Scanned.