IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| FELIPE DE JESUS DE LUNA-GUERRERO and BALDOMERO GUTIERREZ DE LUNA, on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE NORTH CAROLINA GROWER'S ASSOCIATION, INC., and MARCUS THIGPEN, on behalf of himself and all other similarly situated members of the North Carolina Growers Association, Inc., | ) ) ) ) ) ) | Civil Action No.: 4:02-CV-173-H(4) |
| Defendants. | ) ) ) | |

AFFIDAVIT OF STAN EURY
IN SUPPORT OF NAMED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND
IN OPPOSITION TO NAMED PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT

The affiant, having been duly sworn, affirms and states as follows:

1. My name is Stan Eury. I am Executive Director of Defendant North Carolina Growers' Association, Inc. ("NCGA"). I have personal knowledge of the facts stated herein.

2. Throughout this litigation, I have testified truthfully to the best of my ability.

3. I distinctly recalled reviewing the 1994 letters from Secretary of Labor Robert Reich ("Reich") and Wage Hour Administrator Maria Echaveste ("Echaveste") regarding whether an employer was required by the Fair Labor Standards Act ("FLSA") to reimburse transportation and other expenses to its workers during the first workweek. Because these were the top-ranking individuals in the U.S. Department of Labor ("USDOL"), I considered their word to be the final, authoritative word on the subject unless or until they or their successors put forth a different position.

4. I understand that the Plaintiffs in this case have cited to correspondence from 1996 between myself and James Witmer, North Carolina District Director of the USDOL, in which Mr. Witmer attempted to take a position contrary to that of Reich and Echaveste. I honestly did not recall having had this written exchange with Mr. Witmer in 1995 and 1996, but it appears that we did correspond regarding the matter. Based on my review of the correspondence, it appears that Mr. Witmer attempted to take the position that our farmers were required to reimburse these expenses in the first workweek but that he was later overruled by higher-ranking individuals in the USDOL. I do know that, with the exception of Mr. Witmer's apparent position in 1995 and 1996, the USDOL never took any enforcement action against our farmers for alleged violation of the FLSA based on failure to reimburse during the first workweek.

5. I also honestly did not recall receiving a letter from Mr. Michael Ginley of the USDOL in 1996. However, I have reviewed the letter after receiving the Plaintiffs' summary judgment materials in this case. Based on my reading of Mr. Ginley's letter, it

seems that my poor memory may have hurt my own case more than that of the Plaintiffs. It appears to me that Mr. Ginley is clearly disavowing the position taken by Mr. Witmer and the Plaintiffs in this case.

6. I have thought hard about this subject since being reminded of the Witmer and Ginley correspondence. Other than Mr. Witmer's correspondence in 1995, I do not recall any indication from anyone in the USDOL since 1994 that we were legally required to reimburse workers for transportation, visa, or border crossing expenses in the first workweek if those expenses would take the employees below the minimum wage. I do not recall ever having seen any communications from the top levels of the USDOL other than the 1994 Reich and Echaveste letters, and the letter from Alfred H. Perry in 2001 (attached to the affidavit I filed in March 2003 in support of the Defendants' original Motion for Summary Judgment).

7. I would also like to address the other FLSA case that NCGA and some member farmers are involved in, since the Plaintiffs have raised it in their summary judgment materials. The case, *Chao v. NCGA, et al.*, is currently pending at the U.S. Court of Appeals for the Fourth Circuit (Appeal No. 03-2380). (The suit was instituted during the tenure of Alexis Herman under President Clinton.) *Chao* and this lawsuit involve completely different FLSA issues. The *Chao* case is directed at Christmas tree growers, and the critical question is whether Christmas tree farming is "forestry," on the one hand, or "agriculture," on the other. (Simply put, if Christmas tree farming is "agriculture," as we contend, then the workers are exempt from receiving overtime pay; if it is "forestry,"

as the USDOL contends, then they are not.) Although NCGA has clearly differed with the USDOL over this issue, I think it is important to note several points. First, NCGA's disagreement with the USDOL is reasonable and in good faith based on the relevant statutory and regulatory language. Second, NCGA's good faith is evidenced by the relatively amicable nature of the lawsuit. Before suit was filed, the parties stipulated to a backpay period in the event that the court determined that we were in the wrong.

8. It is true that Judge Voorhees of the Western District of North Carolina granted the USDOL's motion for summary judgment against the defendants. The judge said that he should defer to the USDOL interpretation because it was reasonable. I think it is significant that the judge also acknowledged that we (the Defendants) advocated a logical and sensible position, and had tried to comply with the FLSA. In any event, the issue in the *Chao* case is not finally resolved because, as stated above, the case is now on appeal to the Fourth Circuit.

9. I have never tried to conceal the fact that NCGA is frequently a defendant in litigation. (For example, please see Paragraph 11 of the affidavit that I submitted in March 2003 in support of NCGA's Motion for Summary Judgment.) This is not because NCGA is a "willful" violator of the law; rather, I submit that it is because of the vendetta that various entities, including the N.C. Farmworker Unit of Legal Aid, have against the work that NCGA does and against me personally. I would also like to note that NCGA has won many, although admittedly not all, of the lawsuits filed against it.

This the 2nd day of January, 2004.

_____
Stan Eury

SWORN TO AND SUBSCRIBED BY ME
This the 2nd day of January, 2004

B. Coe
_____
Notary Public
My Commission Expires: 8/5/06