UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:02-CV-173-H(4)



FELIPE DE JESUS DE LUNA-GUERRERO, )
BALDOMERO GUTIERREZ DE LUNA, and )
LUIS MANUEL DE LUNA REYES, on behalf )
of himself and all other similarly )
situated persons, )
 )
            Plaintiffs, )
 )
v. )
 )
THE NORTH CAROLINA GROWER'S )
ASSOCATION, INC., and MARCUS )
THIGPEN, )
 )
           Defendants. )

---

JOINT MOTION AND MEMORANDUM FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Named Plaintiffs Felipe de Jesus de Luna-Guerrero, Baldomero Gutierrez de Luna, and Luis Manuel de Luna-Reyes, on behalf of themselves and a class of similarly situated persons who timely filed a Consent to Sue form with this Court, by and though their undersigned counsel, and Defendants The North Carolina Grower's Association, Inc. (NCGA) and Marcus Thigpen, by and through their undersigned counsel, jointly move this Court for entry of the stipulated Order attached to this Joint Motion. The parties jointly request that this Court approve the terms of this settlement, after the Court's consideration of any comments that it may receive on or before the final

1

date set by this Court. The parties propose that this action be settled on the terms and conditions that are set forth below and in the proposed stipulated Order that is attached to this Joint Motion.

The parties submit that the terms of this settlement as set forth below are a just and reasonable compromise of the back wages awarded to Plaintiffs and members of the Plaintiff class by this Court in its previous Orders, de Luna-Guerrero v. NCGA, 338 F.Supp.2d 649 (E.D.N.C. 2004) and de Luna-Guerrero v. NCGA, 370 F. Supp. 386 (E.D.N.C. 2005). Courts have approved similar settlements under legal standards that have been applied under analogous federal standards required by Rule 23(e), Fed.R.Civ.P. See, e.g., Thornton v. East Texas Motor Freight, 497 F.2d 416, 420 (6th Cir. 1974); Parker v. Anderson, 667 F.2d 1204, 1208-09 (5th Cir.), cert. denied, 459 U.S. 828 (1982).

The terms of the settlement are fair, adequate and reasonable in light of the relative complexity, and potential expense and duration of this lawsuit, should it be further litigated. There are significant and complex issues regarding the claims asserted in this case and the outcome of any appellate review is uncertain.

The settlement will result in each member of the Plaintiff class receiving 100% of his or her back wages for 2000-2004, three (3) more years than the damages awarded by this Court. The named Plaintiffs, but not class members, will receive an additional amount of liquidated damages for 2000-2004. Thus, the proposed settlement will provide each class member with more than reasonable compensation for the violations found by this Court in its previous Orders, while saving all parties the expense and uncertainty associated with any further litigation regarding the Plaintiffs' claims and Defendants' defenses.

The parties respectfully submit that the terms of the proposed settlement are within the

2

range of possible approval, and are within the authority of the Parties and their counsel. Courts generally follow a two step process for approval of class action settlements. First, the court conducts a preliminary approval or pre-notification hearing to determine whether the proposed settlement is within the range of possible approval or, put differently, whether there is probable cause to notify the class of the proposed settlement. If the settlement receives preliminary approval and notice is sent to the class, the court then conducts a fairness hearing to determine if the settlement is fair, reasonable and adequate. See Horton v. Merill, 855 F.Supp. 825, 827 (E.D.N.C. 1994).

The terms of the settlement also fall within the range of possible approval and give the Court "probable cause" to notify the Plaintiff Class of the settlement. As noted above, there are significant, complex issues regarding the liability of the NCGA and its grower members to the named plaintiffs and the Plaintiff Class, as well as the numerous defenses that were asserted to the claims in this litigation. Furthermore, the proposed settlement is not the product of fraud or collusion. Rather, the settlement is the product of months of arms-length settlement negotiations between counsel for the parties. After examining closely the facts in this case and the relative risks to the parties of proceeding in the litigation, the parties believe settlement is the most appropriate end to this litigation.

## PROPOSED SETTLEMENT AGREEMENT

1. **De Luna Plaintiffs** – The de Luna Defendants will pay back wages damages to the de Luna named Plaintiffs and to each other person who properly filed a Consent to Sue form with the U.S. District Court of the Eastern District of North Carolina during the time

3

period set by that Court in its September 30, 2004 Order, for each year worked from 2000 to 2004, in accordance with the following formula:

Back Wages = [(actual number of hours worked in the first workweek) x ($5.15) + (cost of transportation from home village to North Carolina) + (border crossing fee) + (visa cost)] − [(wages actually paid during the first workweek) + (amount of transportation reimbursement)]

2. **De Luna Named Plaintiffs**. The de Luna Defendants will pay liquidated damages to the de Luna named Plaintiffs for each year worked from 2000 to 2004 in accordance with the following formula:

Liquidated Damages = [(actual number of hours worked in the first workweek) x ($5.15) + (cost of transportation from home village to North Carolina) + (border crossing fee) + (visa cost)] − (wages actually paid during the first workweek).

3. **De Luna Plaintiffs' Ineligibility for Garcia-Alvarez Damages**. The de Luna plaintiffs shall not be eligible to receive additional back wages as part of the settlement in Garcia-Alvarez, et al., c. NCGA, et al., 04 CVS 14949 (Wake County Superior Court), preliminary approved by Judge Howard Manning on September 14, 2005 and November 4, 2005 but shall not lose their eligibility for current and future employment based on their receipt of back wages and/or liquidated damages as per ¶¶1-2.

4. **Payroll Records**. For those years in which payroll records have not already been obtained from NCGA growers (2000, 2003 and 2004), the parties will calculate the amount of damages owed pursuant to ¶¶1-2 based on an average of each worker's damages for those years for which payroll records have been obtained. If no payroll

4

records are produced by the de Luna Defendants for the specified worker for either 2001 or 2002, or both, then the parties will calculate the amount of damages for 2000, 2003, and/or 2004 (whichever years are applicable for each particular worker) based on an average of all de Luna Plaintiffs' wages for each of those years. There shall be no payment for any year in which a worker did not work.

5. **Distribution of Damages**. After final approval of the settlement of de Luna-Guerrero by the U.S. District Court for the Eastern District of North Carolina, Counsel for the de Luna Defendants shall provide Counsel for the de Luna Plaintiffs with an international money order for each de Luna Plaintiff in the amount of damages owed pursuant to ¶¶1-2. The cost of the international money order shall be deducted from each Plaintiff's damages. Counsel for the de Luna Plaintiffs shall mail the money orders to the Plaintiff's last known address. If the money order for a de Luna Plaintiff is returned, the de Luna parties shall make a reasonable effort to locate the Plaintiff in question. Fifty percent (50%) of the money remaining after 210 days of the initial mailing of the payment shall then be returned to the Defendants, and fifty percent (50%) shall be divided among four 501(c)(3) organizations (Farm Labor Research Project, Inc., Eastern North Carolina Workers Center, Western North Carolina Workers Center, and the North Carolina Chapter of National Farmworker Ministry).

6. **Costs of Class Notice.** –Defendants shall pay the cost of printing and mailing or otherwise distributing notice to the members of the Plaintiff class.

7. **Stipulated Order and Joint Memoranda.** The parties shall submit a joint memorandum for preliminary and final approval of the settlement agreement to the U.S.

5

District Court for the Eastern District of North Carolina, along with a stipulated Order based upon the agreed upon provisions of this settlement.

8. **Attorneys' Fees and Costs.** – Defendant NCGA shall pay Plaintiffs' attorneys for the number of hours and the rates set forth in Plaintiffs' fee petitions, filed June 9, 2005, but shall not pay the requested enhancement. Defendant NCGA shall also pay for the costs and expenses set forth in that petition.

   a) Defendant NCGA shall pay for all de Luna time accumulated up to July 29, 2005 within 30 days of the U.S. District Court for the Eastern District of North Carolina's preliminary approval of the settlement in de Luna .

9. **Additional Fees and Expenses.** Time and expenses claimed in ¶8 above which were not submitted to Defendants by June 9, 2005 shall be paid as follows:

   a) Plaintiffs shall submit itemized time records on a bimonthly basis to Defendants and, with the exception of any time entry or entries that the Defendants consider to be unreasonable, the Defendants shall pay within 30 days of receipt for all time recorded on those itemized time records at the same rates in the de Luna fee petition.

   b) In the event that that the Defendants consider a particular time entry or entries in an itemized time record to be unreasonable, they shall pay for all time entries that they do not contest, and include with that payment some written statement of what time entry or time entries they consider to be unreasonable and why with that payment within the time period specified in ¶9(a) above;

   c) Upon Plaintiffs' receipt of a fee payment for less than the full time billed **and** the written statement described in ¶9(b). above, Plaintiffs' counsel shall be required to

6

confer with Defendants' counsel in good faith in an effort to resolve the dispute. If Plaintiffs' counsel is not provided with the written statement described in ¶9(b) above, the Defendants' failure to provide that written statement within that 30-day time period shall constitute a waiver of their right to contest a time entry as unreasonable for whatever reason;

d) Upon receipt of the written statement described in ¶9(b). above, Plaintiffs' counsel shall be required to consult with Defendants' counsel in good faith in the 30-day following receipt of that same written statement. If those good faith efforts at consultation are not successful, Plaintiffs' counsel may move the court for an order requiring the Defendants to pay the contested fees;

e) In the event that the Court determines that the Defendants' refusal to pay the contested fees was without a good faith basis in law or fact, the Defendants shall be responsible for paying for the attorney time expended by Plaintiffs' counsel in the preparation, filing, and/or argument of any motion to the Court to obtain an order requiring the Defendants to pay those contested fees.

10. **Objection Period** - The members of the Plaintiff class shall be given 90 days to object to the settlement outlined in this Settlement Agreement. Plaintiffs who receive the class notices while residing in Mexico shall be allowed to submit any objections to the settlement by use of the postal system or electronically, by fax transmission to the Plaintiffs' counsel at the North Carolina Justice Center or to the Eastern District of North Carolina, whichever is determined to be appropriate by the Court.

11. **Press Releases.** The parties from each case shall not send any press release to the news media regarding the settlement. However, the parties may publicize this settlement on their respective websites, as well as in any information provided to funders, members and supporters.

12. **Dismissal.** The parties shall jointly request that the U.S. District Judge Malcolm Howard, Eastern District of North Carolina, not approve the de Luna settlement and not issue a final Order until the settlement in Garcia-Alvarez, et al., v. NCGA, et al., 04 CVS 14949 is approved by a Wake County Superior Court Judge. After a final order is issued and all damages have been paid by the Defendants, the parties shall file a Stipulation of Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, dismissing with prejudice all claims against the Defendants in this lawsuit.

13. **Binding.** It is understood and agreed by the parties that this Agreement shall be binding and inure to the benefit of the Plaintiffs and Defendants and their respective, heirs, representatives, successors and assigns.

14. **Authority.** Plaintiffs' Counsel and Defendants' Counsel each affirm that they have full authority to bind the respective parties whom they represent in this action and to enter into this Agreement on behalf of those parties.

15. **Modification.** This Agreement may be modified only by a written document signed by all parties that makes specific reference to this Agreement.

16. **Severability.** If any part or provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or enforceability only without in

8

any way affecting the remaining parts of the provision or the remaining provisions of this Agreement.

17. **Multiple Originals and Counterparts.** This Agreement may be executed in multiple originals and separate counterparts each of which shall constitute an original and all of which taken together shall constitute the whole Agreement.

**WHEREFORE**, the parties respectfully request that the Court enter the proposed Order granting the Court's preliminary approval of the settlement, and granting the parties any other relief that the Court deems appropriate and necessary.

Date: 11/8/05           Date: 11/8/05

CONSTANGY, BROOKS & SMITH, LLC    LAW OFFICES OF ROBERT J. WILLIS

BY: *W.R. Loftis, Jr. /jh/*      BY: *Robert J. Willis /jh/*
W.R. Loftis, Jr., Esq.                Robert J. Willis
NC Bar #2774                          Attorney at Law
100 N. Cherry St., Ste. 300           Bar #10730
Winston-Salem, NC 27101               (mailing address)
(336)721-1001                         P.O. Box 1269
Class Counsel for Defendants          Raleigh, NC 27602
and Defendant Classes                 (919) 821-9031
                                      Co-Counsel for All Named Plaintiffs,
                                      Counsel for Named Plaintiff José
                                      Manuel Garcia-Alvarez, Co-Counsel for
                                      the Plaintiff Classes,

N.C. JUSTICE CENTER
P.O. Box 28068
Raleigh, NC 27611
(919)856-2144
Co-Counsel for All Named Plaintiffs
Except José Manuel Garcia-Alvarez,
and Co-Counsel for the Plaintiff
Classes

BY: *Carol Brooke /jh/*
Carol Brooke, Esq.
NC State Bar #29126

BY: *Jack Holtzman*
Jack Holtzman, Esq.
NC State Bar #13548

10