

FILED
MAR 2 1 2006
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| | |
|---|---|
| FELIPE DE JESUS DE LUNA-GUERRERO, BALDOMERO GUTIERREZ DE LUNA, and LUIS MANUEL DE LUNA REYES, on behalf of himself and all other similarly situated persons, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE NORTH CAROLINA GROWER'S ASSOCATION, INC., and MARCUS THIGPEN, on behalf of themselves and all other similarly situated persons. | ) ) ) ) ) |
| Defendants. | ) |

## JOINT MOTION AND MEMORANDUM FOR FINAL APPROVAL OF CLASS SETTLEMENT

Named Plaintiffs Felipe de Luna-Guerrero, Baldomero Gutierrez de Luna, and Luis Manual de Luna-Reyes, on behalf of themselves and a class of similarly situated persons who timely filed a Consent to Sue form with this Court, by and through their undersigned counsel, and Defendants The North Carolina Grower's Association, Inc. (NCGA) and Marcus Thigpen, by and through their undersigned counsel, jointly move this Court for entry of the stipulated Order attached to this Joint Motion. The parties jointly request that this Court approve the terms of the settlement which was preliminarily approved by this Court, with a change to the designated charities in paragraph 5. The parties propose that this action be settled on the terms and conditions that are set forth below and in the proposed stipulated Order that is attached to this Joint Motion. The parties also request that Angel

Enrique Santillan Castaneda, Alfredo Maciel Martinez, Ernesto Gonzalez Gonzalez, Refugio Trejo, Mario Carrizalez Charles, and Lucio Antonio de la Cruz be allowed to opt into the Plaintiff class and to receive damages from this settlement agreement. In support of this Joint Motion, the parties state:

1. The terms of this settlement as set forth below are a just and reasonable compromise of the back wages awarded to Plaintiffs and members of the Plaintiff class by this Court in its previous Orders, de Luna-Guerrero v. NCGA, 338 F.Supp.2d 649 (E.D.N.C. 2004) and de Luna-Guerrero v. NCGA, 370 F. Supp. 386 (E.D.N.C. 2005). Courts have approved similar settlements under legal standards that have been applied under analogous federal standards required by Rule 23(e), Fed.R.Civ.P. See, e.g., Thornton v. East Texas Motor Freight, 497 F.2d 416, 420 (6th Cir. 1974); Parker v. Anderson, 667 F.2d 1204, 1208-09 (5th Cir.), cert. denied, 459 U.S. 828, (1982).

2. The terms of the settlement are fair, adequate and reasonable in light of the relative complexity, and potential expense and duration of this lawsuit, should it be further litigated. There are significant and complex issues regarding the claims asserted in this case and the result of any appellate review is uncertain. The settlement will result in each member of the Plaintiff class receiving 100% of his or her back wages for 2000-2004, three (3) more years than the damages awarded by this Court. The named Plaintiffs, but not class members, will receive an additional amount of liquidated damages for 2000-2004. Thus, the settlement will provide each class member with more than reasonable compensation for the violations found by this Court in its previous Orders, while saving all parties the expense and uncertainty associated with any further litigation regarding the Plaintiffs' claims and

Defendants' defenses. The amount due to each class member is listed in the attached spreadsheet (Exhibit A).

3. The terms of the proposed Settlement Agreement are within the range of possible approval, and are within the authority of the Parties and their counsel.

4. This Court preliminarily approved the Settlement Agreement in its Order issued on November 30, 2005. See Order Granting Preliminary Approval of Class Settlement (November 30, 2005). Notice was sent to class members within thirty days of the issuance of the Order Approving Content of Notice to Class Members and Method of Distribution of Class Notice (November 30, 2005). The deadline for any objections to be faxed to the North Carolina Justice Center or presented in person to the Clerk of Court was 5:00 pm on March 6, 2006. No objections were received.

5. The settlement which was preliminarily approved called for the parties to jointly request that this Court not issue final approval or the settlement nor issue a final Order until the settlement in Garcia-Alvarez, et al. v. NCGA, et al., 04 CVS 14949 has been approved by a Wake County Superior Court Judge. See ¶12, Joint Motion and Memorandum for Preliminary Approval of Class Settlement (filed November 9, 2005) and Order Granting Preliminary Approval of Class Settlement (November 30, 2005).

6. Judge Howard Manning, Wake County Superior Court, issued final approval of the settlement in Garcia-Alvarez, et al. v. NCGA, et al., 04 CVS 14949 on March 10, 2006. See Judgment and Order (filed March 10, 2006) (attached). The Settlement Agreement that was preliminarily approved by this Court provided that 50% of the unclaimed damages in the de Luna-Guerrero case be divided among four charities. See ¶5, Joint Motion and Memorandum for Preliminary Approval of Class Settlement

(filed November 9, 2005). However, the parties have since agreed, in a revised Settlement Agreement, that 50% of the unclaimed damages in the de Luna-Guerrero case to be divided among just two of the original four charities. The parties submit that this is not a change to a substantive provision in the settlement, and does not require new notice to the Plaintiff class.

7. The settlement provides that damages be paid to each person who properly filed a Consent to Sue form with the U.S. District Court of the Eastern District of North Carolina during the time period set by the Court in its September 30, 2004 Order. The opt-in notice sent to potential class members included a toll-free telephone number for Plaintiffs' counsel, the North Carolina Justice Center. See Notice, attached to Plaintiffs' Suggested Changes to Court's Proposed Notice to Putative Members of Collective Action (filed October 12, 2004) and Order (October 27, 2004) (approving changed notice). Due to an error, a small number of telephone messages left on that toll-free line during the opt-in period were not retrieved until after the opt-in period had expired.

8. North Carolina Justice Center staff attempted to contact each person who left a message with contact information on the tollfree line described in paragraph 7, and provided information to those persons about the de Luna and Garcia-Alvarez settlements. Of the seven persons who were reached by telephone, five expressed a desire to opt into the de Luna settlement, rather than to receive damages pursuant to the Garcia-Alvarez settlement. Those persons are: Angel Enrique Santillan Castaneda, Alfredo Maciel Martinez, Ernesto Gonzalez Gonzalez, Refugio Trejo, and Mario Carrizalez Charles.

8. Although Plaintiffs' Counsel has not been successful contacting Lucio Antonio de la Cruz, another one of the callers, they believe that Mr. de la Cruz's interests are best served by opting into the de Luna settlement, and Defendants do not oppose this.

10. The parties agree that Angel Enrique Santillan Castaneda, Alfredo Maciel Martinez, Ernesto Gonzalez Gonzalez, Refugio Trejo, Mario Carrizalez Charles, and Lucio Antonio de la Cruz be allowed to receive damages pursuant to the settlement terms outlined below.

11. There are significant, complex issues regarding the liability of the NCGA and its grower members to the named plaintiffs and the Plaintiff Class and the numerous defenses that were asserted to the claims in this litigation. Furthermore, the Settlement Agreement is not the product of fraud or collusion. Rather, the Settlement Agreement is the product of months of arms-length settlement negotiations between counsel for the parties. After examining closely the facts in this case and the relative risks to the parties of proceeding in the litigation, the parties believe settlement is the most appropriate end to this litigation.

## SETTLEMENT AGREEMENT

1. **De Luna Plaintiffs** – The de Luna Defendants will pay back wages damages to the de Luna named Plaintiffs and to each other person who properly filed a Consent to Sue form with the U.S. District Court of the Eastern District of North Carolina during the time period set by that Court in its September 30, 2004 Order, for each year worked from 2000 to 2004, in accordance with the following formula:

Back Wages = [(actual number of hours worked in the first workweek) x ($5.15) + (cost of transportation from home village to North Carolina) + (border crossing fee) + (visa cost)] − [(wages actually paid during the first workweek) + (amount of transportation reimbursement)]

2. **De Luna Named Plaintiffs**. The de Luna Defendants will pay liquidated damages to the de Luna named Plaintiffs for each year worked from 2000 to 2004 in accordance with the following formula:

    Liquidated Damages = [(actual number of hours worked in the first workweek) x ($5.15) + (cost of transportation from home village to North Carolina) + (border crossing fee) + (visa cost)] − (wages actually paid during the first workweek).

3. **De Luna Plaintiffs' Ineligibility for Garcia-Alvarez Damages**. The de Luna plaintiffs shall not be eligible to receive additional back wages as part of the settlement in Garcia-Alvarez, et al., c. NCGA, et al., 04 CVS 14949 (Wake County Superior Court), given final approval by Judge Howard Manning on March 10, 2006 but shall not lose their eligibility for current and future employment based on their receipt of back wages and/or liquidated damages as per ¶¶1-2.

4. **Payroll Records for de Luna.** For those years in which payroll records have not already been obtained from NCGA growers (2000, 2003 and 2004), the parties will calculate the amount of damages owed pursuant to ¶¶1-2 based on an average of each worker's damages for those years for which payroll records have been obtained. If no payroll records are produced by the de Luna Defendants for the

6

Case 4:02-cv-00173-H    Document 118    Filed 03/21/06    Page 6 of 12

specified worker for either 2001 or 2002, or both, then the parties will calculate the amount of damages for 2000, 2003, and/or 2004 (whichever years are applicable for each particular worker) based on an average of all de Luna Plaintiffs' wages for each of those years. There shall be no payment for any year in which a worker did not work.

5. **Distribution of de Luna Damages.** After final approval of the settlement of de Luna-Guerrero by the U.S. District Court for the Eastern District of North Carolina, Counsel for the de Luna Defendants shall provide Counsel for the de Luna Plaintiffs with an international money order for each de Luna Plaintiff in the amount of damages owed pursuant to ¶¶1-2. The cost of the international money order shall be deducted from each Plaintiff's damages. Counsel for the de Luna Plaintiffs shall mail the money orders to the Plaintiff's last known address. If the money order for a de Luna Plaintiff is returned, the de Luna parties shall make a reasonable effort to locate the Plaintiff in question. Fifty percent (50%) of the money remaining after 210 days of the initial mailing of the payment shall then be returned to the Defendants, and fifty percent (50%) shall be divided among two 501(c)(3) organizations (Campaign for Migrant Worker Justice and the North Carolina Chapter of National Farmworker Ministry).

6. **Costs of Class Notice.** –Defendants shall pay the cost of printing and mailing or otherwise distributing notice to the members of the Plaintiff class.

7. **Stipulated Order and Joint Memoranda.** The parties shall submit a joint memorandum for preliminary and final approval of the settlement agreement to

the U.S. District Court for the Eastern District of North Carolina, along with a stipulated Order based upon the agreed upon provisions of this settlement.

8. **Attorneys' Fees and Costs.** – Defendant NCGA shall pay Plaintiffs' attorneys for the number of hours and the rates set forth in Plaintiffs' fee petitions, filed June 9, 2005, but shall not pay the requested enhancement. Defendant NCGA shall also pay for the costs and expenses set forth in that petition.

   a) Defendant NCGA shall pay for all de Luna time accumulated up to July 29, 2005 within 30 days of the U.S. District Court for the Eastern District of North Carolina's preliminary approval of the settlement in de Luna.

9. **Additional Fees and Expenses**. Time and expenses claimed in ¶8 above which were not submitted to Defendants by June 9, 2005 shall be paid as follows:

   a) Plaintiffs shall submit itemized time records on a bimonthly basis to Defendants and, with the exception of any time entry or entries that the Defendants consider to be unreasonable, the Defendants shall pay within 30 days of receipt for all time recorded on those itemized time records at the same rates in the de Luna fee petition.

   b) In the event that that the Defendants consider a particular time entry or entries in an itemized time record to be unreasonable, they shall pay for all time entries that they do not contest, and include with that payment some written statement of what time entry or time entries they consider to be unreasonable and why with that payment within the time period specified in ¶9(a) above;

   c) Upon Plaintiffs' receipt of a fee payment for less than the full time billed **and** the written statement described in ¶9(b). above, Plaintiffs' counsel shall be

required to confer with Defendants' counsel in good faith in an effort to resolve the dispute. If Plaintiffs' counsel is not provided with the written statement described in ¶9(b) above, the Defendants' failure to provide that written statement within that 30-day time period shall constitute a waiver of their right to contest a time entry as unreasonable for whatever reason;

d) Upon receipt of the written statement described in ¶9(b) above, Plaintiffs' counsel shall be required to consult with Defendants' counsel in good faith in the 30-day following receipt of that same written statement. If those good faith efforts at consultation are not successful, Plaintiffs' counsel may move the court for an order requiring the Defendants to pay the contested fees;

e) In the event that the Court determines that the Defendants' refusal to pay the contested fees was without a good faith basis in law or fact, the Defendants shall be responsible for paying for the attorney time expended by Plaintiffs' counsel in the preparation, filing, and/or argument of any motion to the Court to obtain an order requiring the Defendants to pay those contested fees.

10. **Objection Period** - The members of the Plaintiff class shall be given 90 days to object to the settlement outlined in this Settlement Agreement. Plaintiffs who receive the class notices while residing in Mexico shall be allowed to submit any objections to the settlement by use of the postal system or electronically, by fax transmission to the Plaintiffs' counsel at the North Carolina Justice Center or to the Eastern District of North Carolina, whichever is determined to be appropriate by the Court.

11. **Press Releases.** The parties from each case shall not send any press release to the news media regarding the settlement. However, the parties may publicize this settlement on their respective websites, as well as in any information provided to funders, members and supporters.

12. **Dismissal.** The parties shall jointly request that the U.S. District Judge Malcolm Howard, Eastern District of North Carolina, not approve the de Luna settlement and not issue a final Order until the settlement in Garcia-Alvarez, et al., v. NCGA, et al., 04 CVS 14949 is approved by a Wake County Superior Court Judge. After a final order is issued and all damages have been paid by the Defendants, the parties shall file a Stipulation of Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, dismissing all claims against the Defendants in this lawsuit.

13. **Binding.** It is understood and agreed by the parties that this Agreement shall be binding and inure to the benefit of the Plaintiffs and Defendants and their respective heirs, representatives, successors and assigns.

14. **Authority.** Plaintiffs' Counsel and Defendants' Counsel each affirm that they have full authority to bind the respective parties whom they represent in this action and to enter into this Agreement on behalf of those parties.

15. **Modification.** This Agreement may be modified only by a written document signed by all parties that makes specific reference to this Agreement.

16. **Severability.** If any part or provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part shall be ineffective to the extent of such

10
Case 4:02-cv-00173-H   Document 118   Filed 03/21/06   Page 10 of 12

invalidity or enforceability only without in any way affecting the remaining parts of the provision or the remaining provisions of this Agreement.

17. **Multiple Originals and Counterparts.** This Agreement may be executed in multiple originals and separate counterparts each of which shall constitute an original and all of which taken together shall constitute the whole Agreement.

18.

**WHEREFORE**, the parties respectfully request that the Court enter the proposed Order granting the Court's final approval of the Settlement Agreement and ordering that six additional plaintiffs be opted into the Plaintiff class, and granting the parties any other relief that the Court deems appropriate and necessary.

Date: March 20, 2006          Date: March 21, 2006

CONSTANGY, BROOKS & SMITH, LLC          LAW OFFICES OF ROBERT J. WILLIS

BY: W.R. Loftis (cb)          BY: Robert J. Willis (cb)
W.R. Loftis, Jr., Esq                  Robert J. Willis
NC Bar #2774                           Attorney at Law
100 N. Cherry St., Ste. 300            Bar #10730
Winston-Salem, NC 27101                (mailing address)
(336)721-1001                          P.O. Box 1269
Counsel for Defendants                 Raleigh, NC 27602
                                       (919) 821-9031
                                       Co-Counsel for the Plaintiff Class

                                       N.C. JUSTICE CENTER
                                       P.O. Box 28068
                                       Raleigh, NC 27611
                                       (919)856-2144
                                       Co-Counsel for the Plaintiff Class

BY: *(signature)*
     Carol Brooke, Esq.
     NC State Bar #29126


BY: *(signature)*
     Jack Holtzman, Esq.
     NC State Bar #13548