UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:02-CV-173-H(4)

| | |
|---|---|
| FELIPE DE JESUS DE LUNA-GUERRERO, BALDOMERO GUTIERREZ DE LUNA, and LUIS MANUEL DE LUNA REYES, on behalf of himself and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> THE NORTH CAROLINA GROWER'S ASSOCATION, INC., and MARCUS THIGPEN, on behalf of themselves and all other similarly situated persons. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

This matter comes before the Court on the parties' Joint Motion for Final Approval of Class Settlement ("Joint Motion"). This action was initially brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1, et seq. This Court exercised its discretion under 28 U.S.C. § 1367(c) to dismiss Plaintiffs' state law claims, but determined that Defendants' actions violated the FLSA rights of, and were liable to pay damages to, the named Plaintiffs and members of the opt-in class they were certified to represent under 29 U.S.C. § 216(b). de Luna-Guerrero v. N.C. Grower's Association, 338 F. Supp. 2d 649 (E.D.N.C. 2004). By separate Order, this Court held in part that Defendants were also liable to the Plaintiffs and opt-in class members in an

additional amount as liquidated damages. de Luna-Guerrero v. N.C. Grower's Association, 370 F. Supp. 2d 386 (E.D.N.C. 2005).

The parties have provided written Notice of the proposed Settlement Agreement to the named Plaintiffs and to each class member who timely filed a Consent to Sue form, in the manner ordered by this Court in its Order Approving Content of Notice to Class Members and Method of Distribution of Class Notice (November 30, 2005).

The deadline for objections expired at 5:00 p.m. on March 6, 2006. No objections were received.

The parties requested that this Court not finally approve the Settlement Agreement nor issue a final Order until a Settlement Agreement was approved in Garcia-Alvarez, et al. v. N.C. Grower's Association, et al., 04 CVS 14949 (Wake County Superior Court). The Garcia-Alvarez Settlement Agreement was finally approved on March 10, 2006.

In an effort to resolve this action without further litigation, and to limit the uncertainty, expense and time involved in any appeal in this action, the Plaintiffs and Defendants have mutually stipulated to the entry of this Order granting final approval of the settlement, and the Court, therefore, upon consideration of the parties' Joint Motion and the record in this matter,

**ORDERS AND DECREES:**

(1) The Court has jurisdiction over the named Plaintiffs, the class the named Plaintiffs have been certified to represent, Defendants, and of the subject matter of this action.

(2)    The terms of the settlement set forth in the Joint Motion are hereby approved as a reasonable and equitable compromise of the damages awarded by this Court against Defendants in this litigation. The Court finds that the terms were achieved through extensive, arms-length bargaining between the named Plaintiffs and the Defendants, and are in the best interests of the named Plaintiffs and the Defendants as well as the members of the statutory class of persons that the named Plaintiffs have been certified to represent under 29 U.S.C. § 216(b).

(3)    Counsel and Co-Counsel for the Plaintiffs will adequately represent and have adequately represented the Plaintiff Class members to date.

(4)    The Settlement, which will fully settle all aspects of this collective action, falls within the "range of reasonableness" and "possible approval." See Horton v. Merrill Lynch, 855 F. Supp. 825, 827 (E.D.N.C. 1994); In re Montgomery County Real Estate Antitrust Litigation, 83 F.R.D. 305 (D. Md. 1988), In Re Mid-Atlantic Toyota Antitrust Litigation, 564 F. Supp. 1379, 1384 (D. Md. 1983) (quoting Manual for Complex Litigation § 1.46 at 62, 64-65 (5th Ed. 1982)).

(5)    This lawsuit presents novel and complex issues. Due to the uncertainties, cost and time associated with any further litigation of these novel and complex issues, the parties, through respective counsel, engaged in lengthy settlement negotiations regarding possible resolution of the lawsuit, which led to the Settlement Agreement. The Settlement Agreement negotiated is a reasonable and efficient manner in which to settle this lawsuit and is within the range of possible approval.

(6)    Defendants are hereby ordered to pay the back wage and liquidated damages to the named Plaintiffs and the class the named Plaintiffs have been certified to

represent, including six additional Plaintiff class members (Angel Enrique Santillan Castaneda, Alfredo Maciel Martinez, Ernesto Gonzalez Gonzalez, Refugio Trejo, Mario Carrizalez Charles, and Lucio Antonio de la Cruz) in the amounts and manner outlined in the Joint Motion and attached spreadsheet (Exhibit A).

This the 23rd day of MARCH, 2006.

_____
United States District Judge